**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | ) | |
| **JOSEPH ABRAHAM** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| **vs.** | ) | |
| | ) | |
| **NATIONAL RECOVERY AGENCY** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Joseph Abraham, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

**I.      INTRODUCTORY STATEMENT**

1.      Plaintiff, Joseph Abraham, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices as well for violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, and finally, Invasion of Privacy by Intrusion upon Seclusion.

## II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this district is proper in that the Plaintiff resides in this District.

## III.    PARTIES

4.      Plaintiff, Joseph Abraham, is an adult natural person residing at 143 W. Main Street, Mechanicsburg, PA 17055.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, National Recovery Agency, (hereafter, Defendant) at all times relevant hereto, is and was a company engaged in the business of collecting debt in but not limited to the Commonwealth of Pennsylvania with a primary address of 2491 Paxton Street, Harrisburg, PA 17111.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      Within the last twelve months, Plaintiff has been receiving constant contact from the Defendant attempting to collect on an alleged past due medical bill said to be owed to Anesthesia Associates of York.

8.      Plaintiff is said to owe a balance of $171.76.

9.      Plaintiff states that he tried multiple times from the initial contact to inform the Defendant that he was disputing this account.

10.     Plaintiff states that during one such call, the Defendant informed him that they were not interested in the facts of the debt, that once they received the file from their client that was good enough for them to proceed with collection.

11.     At that time, Plaintiff requested validation of this account.

12.     Plaintiff states that he was denied.

13.     Defendant went on to further state that sending validation was not how they operated, and that if the debt was not actually owed, the Plaintiff would need to prove he didn't owe it before they would stop collection.

14.     On or about March 20, 2013, Plaintiff received a 30 day validation notice from the Defendant looking for payment on account #239846.

15.     On or about April 1, 2013, Plaintiff sent a certified letter disputing this account as well as requesting validation of this alleged account.

16.     On or about April 22, 2013, Plaintiff received another notice from the Defendant which included only a copy of the same itemized invoice from the original creditor that the Plaintiff was currently disputing.

17.     Defendant failed to supply proper validation of this account.

18.     Plaintiff was again instructed to make payment in full of $171.76.

19.     On or about April 25, 2013, Plaintiff spoke with an agent of the Defendant and offered to settle the alleged debt for approximately $85.00.

20.     Defendant turned down Plaintiff's request stating that the original creditor declined to accept anything but the full balance due.

21.     During this same time, the Plaintiff filed a complaint with the Commonwealth of Pennsylvania Office of the Attorney General.

22.     Defendant continued to call and demand payment on this account, despite their continued failure to provide proper validation of the account.

23.     On or about July 3, 2013, the Plaintiff received a response from the Attorney General on this matter.

24.     Included with the above referenced correspondence was a letter from the Defendant, this letter states that the Plaintiff's account was marked as disputed on or about April 3, 2013.

25.     Despite the Defendant's assurance that the Plaintiff's account had been marked as disputed, as of November 1, 2013, Plaintiff's Equifax credit report still does not list the account as "disputed by consumer" only as an "unpaid medical".

26.     Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

27.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants unlawful conduct.

31.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

32.     The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§1692e(8): | Threatens or communicates false credit information, including the failure to communicate that the debt is validated |
| §§1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

§§1692f:          Any unfair or unconscionable means to collect or attempt

to collect the alleged debt

§§1692g(b):       Collection efforts must cease until a debt is validated

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor

and against Defendant for the following:

a.    Actual damages;

b.    Statutory damages pursuant to 15 U.S.C. §1692k;

c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.    Such addition and further relief as may be appropriate or that the interests of

justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing

paragraphs.

36.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit

Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").

Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

37.    The alleged debt Defendant was attempting to collect is a debt as defined by 73

Pa. C.S. § 2270.3.

38.     The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39.     The actions of the Defendant, as aforesaid, constitute false, misleading or deceptive representations.

40.     Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

41.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

42.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW
### ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

43.     The foregoing paragraphs are incorporated herein by reference.

44.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

45.     The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46.     The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

   a.     Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   b.     Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

47.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

48.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

   **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a.     An Order declaring that Defendant violated the UTPCPL;

   b.     Actual damages;

   c.     Treble damages;

   d.     An award of reasonable attorney's fees and expenses and cost of suit; and

   e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51.     Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Pennsylvania state law.

52.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

53.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

55.      All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.      An award of reasonable attorney's fees and expenses and cost of

suit; and

d.      Such additional relief as is deemed just and proper, or that the

interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 6, 2013**          **BY:** ***/s/  Brent F. Vullings***
                                     Brent F. Vullings, Esquire
                                     3953 Ridge Pike
                                     Suite 102
                                     Collegeville, PA 19426
                                     P: 610-489-6060
                                     F: 610-489-1997
                                     bvullings@vullingslaw.com
                                     Attorney for Plaintiff